_____

No. 95-2055

_____

| | | |
|---|---|---|
| American Family Mutual Insurance Company, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Mission Medical Group, Chtd; | * | District Court for the Western |
| B.K.S. Corporation, | * | District of Missouri. |
| | * | |
| Appellants. | * | |
| | * | |
| Jason E. Filley; Winnie Jacobs; | * | |
| Rodney Jacobs, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: November 13, 1995

Filed: December 19, 1995

_____

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and FAGG, Circuit Judges.

_____

BRIGHT, Circuit Judge.


American Family Mutual Insurance Company (American) issued a homeowners policy insuring Rodney Jacobs and members of his family from liability claims for bodily injury or property damage, but excluding from coverage "**property damage**: a. which is expected or intended by any **insured**; . . . ." App. at 24. Jason Filley and a friend set fire to a building believing that it housed an abortion clinic. Jason made a mistake and burned the wrong building. American brought this declaratory judgment action against its insured, including Rodney, his wife, Winnie, and his stepson Jason Filley, and against the owners and tenant of the building damaged

by fire.  American asserts that its policy excluded coverage for fire loss to the burned building.  The district court determined that the exclusion applied and declared American free of liability.  The tenant and owners of the torched building, Mission Medical Group, Chartered and B.K.S. Corporation, respectively, (Mission) bring this appeal.  We affirm.

Following the fire, Jason pled guilty to a Kansas state charge of arson.  The owners of the property subsequently obtained a default judgment in Missouri state court against Jason in the sum of $730,069.93.  The civil suit also charged Winnie with negligent supervision of her son but that issue has not been tried.

The state court default judgment made these findings:

>     8.  Defendant Jason E. Filley set fire to the Mission Medical Group Building, located at 5555 West 58th Street, Mission, Kansas, because he believed abortions were performed there.
>
>     9.  Defendant Jason E. Filley intended to set fire to a building near the Mission Medical Group Building, which in fact performed abortions.

The judgment then stated:

>     1.  Plaintiffs are granted Summary Judgment against separate Defendant Jason E. Filley on Count I of the Petition, based upon the undisputed facts establishing Defendant Jason E. Filley's negligence as a matter of law, and judgment is entered against separate Defendant Jason E. Filley and in favor of Plaintiffs in the amount of $730,069.93, plus interest at the statutory rate from the judgment date, plus the costs of this action.

App. at 38-39.

Mission who appeals makes two contentions:

1. whether Jason acted intentionally is a material fact in dispute, and

2. Winnie's conduct does not fall within the intentional acts exclusion of the policy.

**EXCLUSION OF COVERAGE FOR JASON**

For the purpose of this case we shall consider the following as established: (1) that under well established principles the "negligence" judgment in state court does not bind American, a non- party to that action; (2) that Jason intentionally started the fire to the building that burned; (3) that Jason mistakenly thought he was torching an abortion clinic and (4) that if he had accurate information he might have burned a nearby building in the area where abortions had in fact been performed.

The principal question before us is whether Jason's "mistake" converts his intentional burning of the building into a non-intentional act under the insurance policy.

American's policy contains the following language:

**LIABILITY COVERAGES - SECTION II**

**COVERAGE D - PERSONAL LIABILITY COVERAGE**
We will pay, up to **our limit**, all sums for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy. . . .

**EXCLUSIONS - SECTION II**

**Coverage D - Personal Liability** . . . **Coverage** . . . do[es] not apply to **bodily injury** or **property damage**:
a. which is <u>expected or intended</u> by any **insured**;. . . .

(Emphasis added).

App. at 23-24.

The federal district court rejected Jason's claim that his mistake in determining which building housed the abortion clinic makes the policy exclusion inapplicable. The district court opinion stated:

> Relying on the undisputed fact that when Filley set fire to the Mission Medical Building he mistakenly believed that abortions were being performed there, defendants Mission Medical and B.K.S. argue that under Missouri law, Filley was negligent. In this case, Filley's admissions establish that when he set the fire, he specifically intended to cause property damage to the building. Therefore, his mistaken belief that abortions were being performed in the building cannot convert his intentional act into a negligent act.

Addendum at 8.

The appellant cites Curtain v. Aldrich, 589 S.W.2d 61 (Mo. App. 1979), for the proposition that Missouri courts will hold that, in cases of mistaken identity, acts that appear to be otherwise intentional can result in a determination of negligence for insurance purposes. This case gives us pause. Curtain also related to an insurance policy exclusion for an intentional tort. In the underlying incident the insured, Curtain, attacked his brother-in-law, Aldrich, with a crow bar and injured him. The policyholder Curtain contended that he mistakenly attacked Aldrich believing he was an intruder into Curtain's home. The Missouri Court of Appeals held that the insurance exclusion would not apply to the assault if it was induced solely by reason of mistaken belief on the part of Curtain that this victim was a burglar. Id. at 65. The policy in that case excluded application "to bodily injury or property damage which is either expected or intended from the standpoint of the insured. . . ." Id. at 63.

The rationale for Curtain rests on the principle that the unintended result of an injury following an intended striking does not invoke the exclusion.  Id. at 63.  The Curtain court reviewed the precedents and observed that "[c]ases applying exclusionary clauses for intentional acts involving a mistake of identity uniformly draw a distinction between the intentional act induced by the mistaken identity and the unintended results which flow therefrom."  Id. at 64.  The court also observed that the exclusionary clause of insurance policies mirrored the public policy denying insurance for intentional acts.  Public policy does not bar insurance for unintended results flowing from intentional acts.  Id. at 64.

Thus, neither public policy nor policy exclusions for intentional acts bar insurance coverage for unintended results.

That reasoning has no application here.  The insured Jason started a fire with inflammable liquids intending to burn down the precise building that did burn.  Thus, Jason and his accomplice committed an intentional act which produced the expected and intended result of burning the Mission Medical Group Building.  The fact that he mistakenly believed the building in question housed an abortion clinic is of no consequence.

An earlier related Missouri case, Cooper v. National Life Ins. Co., 253 S.W. 465 (Mo.App. 1923), is cited in Curtain.  In Cooper a person intentionally shot at another, but hit the insured instead.  The insured carried an accident policy, insuring him against accidental injuries.  The insurance company sought to avoid payment by relying on an intentional acts exclusion clause.  In rejecting this reasoning, the court observed that to constitute an intentional act excluding coverage the consequences of the shooting must be intentional as well as the act.  In other words, the victim must also be intended.

In contrast to Curtain and Cooper, Jason and his accomplice started the fire in the building they intended to burn.  Thus, the act and result were intended and fell within the policy exclusion.  The Curtain case is distinctly different in principle.  In sum, the fire set by Jason produced property damage "intended" and "expected" by the insured Jason and therefore was within the policy exclusion.

**EXCLUSION OF COVERAGE FOR WINNIE**

American also denies coverage to Winnie Jacobs, Jason's mother, even though the claim against Winnie rests on her alleged negligent supervision. American relies on the same policy exclusion already quoted.  American emphasizes that the exclusion for liability extends to property damage which is expected or intended by any insured.

Although the parties have cited no Missouri cases on this issue, other jurisdictions have addressed similar exclusions in liability policies and these cases support applying the exclusion to a co-insured who has not participated in the underlying intentional act.  See Allstate Ins. Co. v. Gilbert, 852 F.2d 449 (9th Cir. 1988); Western Mutual v. Yamamoto, 29 Cal. App. 4th 1474, 35 Cal. Rptr. 2d 698 (1994); Allstate Ins. Co. v. Freeman, 432 Mich. 656, 443 N.W.2d 734 (1989); and Allstate Ins. Co. v. McCranie, 716 F. Supp. 1440 (S.D. Fla. 1989).

Thus, under the plain language, no coverage extends to Winnie where "any insured," and Jason is included as "any insured," expects or intends the damage.

Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.